IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MARSHALL MCNICKLES (# 33289)**     **PLAINTIFF**

**v.**     **No. 3:07CV41-M-A**

**JAMES D. MINOR, SR.**     **DEFENDANT**

### MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. The plaintiff, an inmate currently incarcerated at the Kemper-Neshoba County Regional Correctional Facility, files this complaint under 42 U.S.C. § 1983. The defendant is the plaintiff's attorney.

Plaintiff alleges that the defendant breached his contract with the plaintiff by failing to file an application for post-conviction relief after having been paid to do so. The plaintiff further argues that his attorney failed to abide by the contract for services out of racial animus. This has put the plaintiff under severe hardship, resulting in financial losses and stress. The court has considered the contents of the *pro se* complaint and given it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972).

At most plaintiff has attempted to assert a claim of breach of contract against the defendant. The acts alleged, which give rise to a claim for breach of contract, do not constitute a cognizable claim under 42 U.S.C. § 1983. *O'Brien v. Colbath*, 465 F. 2d 358 (5th Cir. 1972). Moreover, it is clear from the allegations that the defendant is not a state actor. In order to have a cause of action under 42 U.S.C. § 1983, the defendant must act "under color of state law."[1] A

---

[1] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . .

defendant does not have to be an officer of the state to act "under color of state law" to be liable under § 1983. *Dennis v. Sparks*, 449 U.S. 24 (1980). The action by a private person must be fairly attributable to the state for the challenged conduct to fall within 42 U.S.C. § 1983. *Barnes v. Lehman*, 861 F.2d 1383, 1386-88 (5th Cir. 1988). Under these allegations, plaintiff makes no claim that the defendant acted as a state official nor that the defendant conspired with a state official in allegedly depriving him of any constitutional right. Therefore, the plaintiff has no cause of action against this defendant under 42 U.S.C. § 1983.

A final judgment in accordance with this opinion will be entered.

**SO ORDERED,** this the 16th day of May, 2007.

  /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**